UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Docket No.:
JACQUELINE RIZK and SAMIR GONSALVES,

Plaintiff(s),

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER FIRADAUS
MEHIRDEL, TAX REG # 950309, POLICE OFFICER
DANNY LEE, TAX REG # 950736, SERGEANT JOEL
ROSENTHAL, TAX REG # 946197, LIEUTENANT
GEORGE HOWLEY, TAX REG # 904177 and POLICE
OFFICER JOHN DOES 1-10,

Defendant(s).
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs, JACQUELINE RIZK and SAMIR GONSALVES, by and through their attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for their Complaint, against the Defendants, respectfully states and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983, 1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, while lawfully present in front of the premises know as 3005 Steinway Street, Astoria, New York 11103 in the County of Queens, State of New York, were subjected to an improper stop, and were unlawfully arrested by the individually named defendants.  Additionally, the individually named defendants, assaulted, battered, and used excessive force against plaintiffs prior to and during the course of the unlawful arrests.   Plaintiffs were deprived of their

constitutional and common law rights when the individual defendants unlawfully confined Plaintiffs, caused the unjustifiable arrests of Plaintiffs, used excessive force against Plaintiffs, and assaulted and battered Plaintiffs.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1334 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.   Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

4.   That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5.   Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.   During all times relevant to this Complaint, Plaintiff, JACQUELINE RIZK, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

2

7.   During all times relevant to this Complaint, Plaintiff, SAMIR GONSALVES, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

8.   The Defendant CITY OF NEW YORK   (hereinafter "CITY") is a duly constituted municipal corporation of the State of New York and is and was the employer of POLICE OFFICER FIRADAUS MEHIRDEL, TAX REG # 950309 (hereinafter referred to as "MEHIRDEL"), POLICE OFFICER DANNY LEE, TAX REG # 950736 (hereinafter referred to as "LEE"), SERGEANT JOEL ROSENTHAL, TAX REG # 946197 (hereinafter referred to as "ROSENTHAL"), LIEUTENANT GEORGE HOWLEY, TAX REG # 904177 (hereinafter referred to as "HOWLEY"), and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

9.   The Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), is an agency of the CITY.

10. Upon information and belief, during all times relevant to this Complaint, Defendant, MEHIRDEL, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

11. Upon information and belief, during all times relevant to this Complaint, Defendant, LEE, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of

statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

12. Upon information and belief, during all times relevant to this Complaint, Defendant, ROSENTHAL, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

13. Upon information and belief, during all times relevant to this Complaint, Defendant, HOWLEY, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

14. That "JOHN DOES" 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both CITY and NYPD under direction of Defendants CITY and NYPD, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY and/or the NYPD.

15. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

4

16. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiffs, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

17. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

18. On or about August 3, 2013, at approximately 4:30 a.m., Plaintiff, JACQUELINE RIZK (hereinafter referred to as "RIZK"), was standing alongside, Plaintiff, SAMIR GONSALVES (hereinafter referred to as "GONSALVES), and speaking to Plaintiff, GONSALVES, near the private motor vehicle registered to Plaintiff, GONSALVES, which was parked in front of the premises know as 3005 Steinway Street, Astoria, New York 11103 in Queens County, New York.

19. At that time, Plaintiffs were approached by two officers of the NYPD – *to wit*, Defendant, MEHIRDEL, and Defendant, LEE.  Defendant, MEHIRDEL, and Defendant, LEE, were in a marked radio mobile patrol unit ("RMP").

20. The RMP was stopped within five (5) feet of Plaintiffs; whereupon, Defendant, MEHIRDEL, while still seated in the front passenger seat of the RMP directed Plaintiff, RIZK, to approach the RMP.  Plaintiff, RIZK, complied.

21. Defendant, MEHIRDEL, then asked Plaintiff, RIZK, whether everything was okay, to which she replied that everything was okay and that no one needed police assistance.

22. Defendant, MEHIRDEL, then motioned towards Plaintiff, GONSALVES, and yelled, in sum and substance, "get the fuck over here."

23. Plaintiff, GONSALVES, took one step forward, as he was commanded to do, and said "excuse me."

24. At that point, Defendants, MEHIRDEL and LEE, exited the RMP.

25. Defendant, MEHIRDEL, then motioned for Plaintiff, GONSALVES, to come closer and said, in a loud voice, "get over here now."

26. At that point, Plaintiff, GONSALVES, identified himself as a police officer and Plaintiff, RIZK, identified herself as an Assistant District Attorney for the State of New York.

27. Thereafter, Plaintiff, GONSALVES, asked Defendant, MEHIRDEL, to calm down and stated to Defendants, MEHIRDEL and LEE, that he would produce his identification from his wallet.

28. Defendant, MEHIRDEL, responded by yelling at Plaintiff, GONSALVES, and telling Plaintiff, GONSALVES, not to tell him what to do and directed Plaintiff, GONSALVES, to get his identification out "now."

29. As Plaintiff, GONSALVES, was attempting to remove his identification from his wallet, Defendant, MEHIRDEL, without just cause and without provocation, with the use of hostile,

unnecessary, extreme and excessive force, threw Plaintiff, GONSALVES, up against his personal vehicle.

30. Instead of intervening to prevent Defendant, MEHIRDEL's, assault and battery of Plaintiff, GONSALVES, and violation of the plaintiff, GONSALVES', civil rights, Defendant, LEE, joined in concert with Defendant, MEHIRDEL, and did conspire with Defendant, MEHIRDEL, to violate Plaintiff, GONSALVES', civil rights by using hostile, unnecessary, extreme and excessive force to violently push, Plaintiff, GONSALVES, up against his personal vehicle.

31. It was at this point that Plaintiff, RIZK, stated to Defendants, MEHIRDEL and LEE, "Why won't you just look at his ID, he is a Detective."  Plaintiff, GONSALVES, also asked Defendants, MEHIRDEL and LEE, why they were abusing him.

32. Plaintiff, GONSALVES, with his wallet in hand, turned to Defendants, MEHIRDEL and LEE, and requested that he be permitted to produce his ID from his wallet.

33. However, instead of accepting the identification from Plaintiff, GONSALVES, Defendants, MEHIRDEL and LEE, continued in their use of excessive force.  And with the continued use of unnecessary and excessive force Defendants, MEHIRDEL and LEE, grabbed Plaintiff, GONSALVES, by the neck and threw him to the roadway.

34. When Plaintiff, RIZK, witnessed the assault, battery, unnecessary and excessive use of force, and abuse of process that Plaintiff, GONSALVES, was being subjected to by Defendants, MEHIRDEL and LEE, she stated to Defendants, MEHIRDEL and LEE, "why don't you believe him . . . [w]hy are you doing this . . . [h]e is a Detective . . . [l]ook at his ID" (the wallet with the ID was still in Plaintiff, GONSALVES', hand at that time).

35. Upon hearing the foregoing statement from Plaintiff, RIZK, Defendant, MEHIRDEL, pushed RIZK away in a violent manner; thereby, assaulting and battering Plaintiff, RIZK.

36. Plaintiff, RIZK, responded by extending her arm out in a defensive posture and telling Defendant, MEHIRDEL, not to touch her.

37. Defendant, MEHIRDEL, immediately turned his rage onto RIZK.

38. Defendant, MEHIRDEL, grabbed RIZK and, with the use of unnecessary and excessive force, threw RIZK against Plaintiff, GONSALVES' personal vehicle.

39. Through the continued use of unnecessary and excessive force Defendant, MEHIRDEL, grabbed Plaintiff, RIZK, by the back of her neck, pulled her back and then with extreme force pushed her forward into the side of Plaintiff, GONSALVES' parked vehicle, thrusted the front of his body onto Plaintiff, RIZK's exposed backside and pushed RIZK's head forward on the parked vehicle – causing RIZK's dress to lift up and expose her buttocks to a crowd that had begun to form.

40. Plaintiff, RIZK, begged for Defendant, MEHIRDEL, to allow her to lower her dress and to stop thrusting up against her because she was being caused to suffer great physical pain and fear, and because her dress was lifted.  But Defendant, MEHIRDEL, refused to stop, and instead told RIZK to "shut the fuck up."

41. Plaintiff, RIZK, tried to lower her dress and begged Defendant, MEHIRDEL, to stop hurting her.

42. Defendant, MEHIRDEL's, response was to tell Plaintiff, RIZK, to "shut up," and to "stop making a scene and this will all go away."

43. Thereafter, Defendant, MEHIRDEL, placed Plaintiff, RIZK, in handcuffs.

44. Concomitantly, Plaintiff, GONSALVES, was brought back to his feet by Defendant, LEE.

45. It was at this point that Defendant, LEE, finally looked at Plaintiff, GONSALVES', police identification.  Upon inspection of Plaintiff, GONSALVES', identification, Defendant, LEE, apologized to GONSALVES for the entire incident.

46. Plaintiff, RIZK, was dragged away, while in handcuffs, and thrown in the back of the RMP by Defendant, MEHIRDEL, who then slammed the car door on RIZK's right leg before she could pull her leg into the vehicle.

47. At this point, unidentified back-up New York City Police Officers, and Defendant, ROSENTHAL, arrived upon the scene.

48. While Plaintiff, RIZK, was seated in the back seat of the RMP – crying and still in handcuffs, Defendant, MEHIRDEL, placed the top half of his body into the back seat of the vehicle and proceeded to tell RIZK that she was not under arrest and that this would all go away at the precinct.

49. Plaintiff, RIZK, responded to Defendant, MEHIRDEL, by stating "look at what you did to me," and asked Defendant, MEHIRDEL, why she was under arrest.

50. Defendant, MEHIRDEL, proceeded to intimidate Plaintiff, RIZK, by leaning over with his face in close proximity to RIZK's face and yelling at RIZK – telling her, *inter ali*, to "stay quiet."

51. Thereafter, Defendant, MEHIRDEL, took one step backwards, lifted his belt and his pants, looked at Plaintiff, RIZK, in a threatening manner, grabbed RIZK violently and aggressively, and again with the use of unnecessary and excessive force proceeded to violate

RIZK's civil rights by yanking her back out of the RMP by her arms, while she was still in handcuffs.

52. Through the use of unnecessary and excessive force, Defendant, MEHIRDEL, then violently threw Plaintiff, RIZK, to the roadway.

53. Plaintiff, RIZK, made contact with the roadway face down.

54. As Plaintiff, RIZK, was still handcuffed, she was unable to break her fall – causing her to sustain cuts and bruising on her leg, knee and toes, and bruising on both of her arms.

55. Plaintiff, RIZK, was assaulted, battered and had her civil rights and constitutional rights violated in the presence of Defendants, ROSENTHAL, LEE and POLICE OFFICER JOHN DOES 1-10, who are known by name to the Respondents but as of yet are not fully know to the plaintiffs.

56. Neither Defendant, ROSENTHAL, LEE nor POLICE OFFICER JOHN DOES 1-10, intervened to protect Plaintiffs' rights.

57. Plaintiff, RIZK, was eventually, again, placed in the RMP.

58. Shortly thereafter, Plaintiff, RIZK, overheard Defendants, ROSENTHAL, MEHIRDEL, LEE and POLICE OFFICER JOHN DOES 1-10 talking outside of the RMP with worry and anguish as to how they were going to "clean this mess up."

59. At that time, Defendants, ROSENTHAL, MEHIRDEL, LEE and POLICE OFFICER JOHN DOES 1-10 asked Defendant, MEHIRDEL, why he placed RIZK in handcuffs and then throw her on the roadway.

60. The entire incident that took place in the roadway in front of the premises know as 3005 Steinway Street, Astoria, New York 11103 was caught on video.

61. After the unidentified back-up police officers left the scene (Defendants, POLICE OFFICER JOHN DOES 1-10), the video shows that Defendants, ROSENTHAL, MEHIRDEL and LEE, remained at the scene of this incident.

62. Defendant, ROSENTHAL, can be seen on a mobile phone pacing back and forth and Defendant, MEHIRDEL, is seen going into the front passenger seat of the RMP and leaning his body over towards the back seat where Plaintiff, RIZK, is seated, handcuffed, bleeding and crying.

63. The top half of Defendant, MEHIRDEL's, body is obscured from the video; however, the video clearly shows Defendant, MEHIRDEL, making threatening movements with his hands and gesturing towards the rear of the RMP where Plaintiff, RIZK, is seated.

64. It is at this point that Defendant, MEHIRDEL, continues to engage in conduct designed and intended to assault and harass Plaintiff, RIZK.  Which conduct did result in RIZK's intimidation and assault.

65. Defendants, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, witnessed numerous occasions during this incident where Plaintiffs were assault, battered, intimidated, had their civil rights and constitutional rights violated and were otherwise denied process of law, yet they failed to intervene.

66. Plaintiffs were transported to the 114th Precinct in separate police vehicles.

67. Plaintiff, RIZK, was transported to the precinct by Defendants, MEHIRDEL and LEE.

68. Defendant, MEHIRDEL, continued to yell at RIZK while she was being transported to the police precinct.

69. Plaintiffs were detained at the 114th Precinct for approximately nine (9) hours.

11

70. While at the precinct, Plaintiff, RIZK, made a report of the subject incident to an Internal Affairs Bureau ("IAB") Officer (believed to be Captain Babick).

71. Said IAB officer took pictures of Plaintiff, RIZK's, injuries while she was in the cell at the 114th Precinct.

72. It is unclear, however, whether the IAB officer reduced the report to a writing.

73. During the fingerprinting of Plaintiff, RIZK, Defendant, LEE, had to intervene and fingerprint RIZK in the place of Defendant, MEHIRDEL, because RIZK was crying hysterically and was afraid of Defendant, MEHIRDEL, putting his hands on her again.

74. While at the 114th Precinct, Plaintiff, RIZK, received frequent visits at her holding cell by a New York City Police Officer (believed to be Defendant, HOWLEY, of the PBQN Investigations) who degraded and intimidated RIZK by saying things like, " are you sure you're an ADA and not just a paralegal?"

75. The aforementioned officer went on to state that RIZK did not "look like a lawyer," and questioned RIZK as to her ethnicity.

76. When RIZK complained of her injuries to the aforementioned officer he responded that RIZK was a "big girl" and that she could handle Defendant, MEHIRDEL, pushing and throwing her around because RIZK was a "big girl [herself]."

77. This officer at the 114th Precinct repeatedly screamed in front of the holding cell where Plaintiff, RIZK, was being held – "call the New York Post . . . [d]id you call the newspaper yet about the ADA?"

78. He made comments about RIZK to officers who came into the precinct.  "Check out the ADA" he would say and point and laugh at Plaintiff, RIZK, while she was in the holding cell.

79. Furthermore, a yet to be identified white male officer sang the lyrics to a rap song each time he walked pass the holding cell – "All I want for my birthday is a big booty hoe . . .."

80. Additionally, Plaintiff, RIZK, was not given any food or water until Plaintiff, GONSALVES, asked a yet to be identified African American Officer at the 114th Precinct to give RIZK a bottled of water on his behalf.

81. Defendant, MEHIRDEL, and the officer believed to be Defendant, HOWLEY, took Plaintiff, RIZK's, mobile phone and refused to allow her a phone call until approximately 11 a.m. on August 3, 2013.

82. On the occasions when Plaintiff, RIZK, was allowed to use the bathroom, she was subjected to using a toilet with a glass mirror on the door and was watched by a male officer on at least one of the occasions that she used the bathroom.

83. Plaintiffs were processed, arraigned and released on the afternoon of August 3, 2013.

84. Upon information and belief, Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, conspired with each other and agreed to an altered version of what transpired during the early morning hours of August 3, 2013, and made a conscious decision to omit certain information and include false information in the Police Report, and accompanying arrest paperwork.

85. It is important to note that Defendant, MEHIRDEL, falsified official documents related to the events of August 3, 2013.

86. Defendant, MEHIRDEL, committed perjury in his affidavit in support of the criminal complaints against Plaintiffs.

87. In his affidavit, Defendant, MEHIRDEL, concocted a story stating "that when he got out of his RMP the apprehended other Gonsalves shoved him on his chest several times in a forceful manner."

88. Defendant, MEHIRDEL, further states in his affidavit in support of the criminal complaint against Plaintiffs that "when he was attempting to place handcuffs on the apprehended other Gonsalves, [Plaintiff, RIZK] grabbed him and struck him on his back."

89. The foregoing statements by Defendant, MEHIRDEL, are false and were pretextual to create probable cause to arrest Plaintiffs.

90. The video of the incident shows that when the officers arrived on the scene Plaintiffs were behaving lawfully.

91. Further, the video shows that Plaintiff, GONSALVES, did not shove Defendant, MEHIRDEL, in his chest at all.

92. In fact, the video shows that it was Defendant, MEHIRDEL, who attacked Plaintiff, GONSALVES, without cause or provocation.

93. Furthermore, the video shows that Plaintiff, RIZK, did not grab Defendant, MEHIRDEL, and strike him on his back.

94. Upon information and belief, Officers at the NYPD have been engaging in improper practices and procedures for years, which includes but is not limited to the practice of falsifying documents, omitting information and failing to properly document incidents, particularly incidents involving the use of force.

95. Defendants individually and collectively knew at the time of the plaintiffs arrest, ant at all times since then, that the evidence they had in connection with the charges brought against the

plaintiffs were false, inconsistent with and insufficient to establish their guilt with respect to the charged crimes.

96. Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 all assisted each other and conspired with each other to commit tortuous acts against Plaintiffs and to violate Plaintiffs' constitutional rights.

97. Upon information and belief, the defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, conspired to deprive plaintiffs of their constitutional rights; specifically by unlawfully arresting Plaintiffs and by using excessive force against Plaintiffs.

98. Defendants engaged in misconduct, failed to adhere to procedure, rules and regulations, and wholly failed to investigate the incident.

99. Upon information and belief, prior to August 3, 2013, Defendants, CITY and NYPD were aware of and tolerated its police officers unlawfully arresting and using excessive force against persons.

100.     Defendants CITY and NYPD permitted and tolerated the above referenced egregious and improper conduct by failing to seriously discipline or prosecute the defendant officers.  As a result of such failure on behalf of CITY and NYPD, Defendant, Police Officers, were caused to and encouraged to believe that individuals could be falsely arrested, prosecuted and imprisoned under circumstances requiring the use of falsified evidence.  Defendant Officers were also caused and encouraged to believe that individuals could be subjected to excessive force.

101.     Those Defendant Officers who did not touch plaintiffs failed to protect them from the unlawful arrest, depravation of due process, assaults, batteries, and excessive force used against Plaintiffs by the individually named defendants.

102.     As a result of Defendants' conduct, Plaintiffs have been subjected to unlawful detention, due process violations, humiliation, anxiety, fear, emotional harm, physical harm and pecuniary loss.

103.     The false arrest, false imprisonment, depravation of due process, assaults, batteries, and excessive force used against Plaintiffs by the individually named defendants caused plaintiff to sustain physical, mental anguish, and psychological and emotional trauma.

104.     Plaintiffs also sustained economic loss as a result of the false arrest, false imprisonment, depravation of due process, assaults, batteries, and excessive force used against Plaintiffs by the individually named defendants

105.     As a direct result of the Defendants' conduct, Plaintiffs continue to suffer loss of income, loss of employment benefits, loss of career opportunities, and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma. Plaintiffs have suffered great financial expense in relation to the violation of their civil rights and the tortuous acts that have been committed against them by the defendants.

106.     Notices of claim were timely served on the CITY and at least thirty days have elapsed since the service of such notices and adjustment and/or payment has been neglected and/or refused.

107.     An examination of Plaintiff, RIZK, pursuant to GML Section 50-h was conducted on June 9, 2014.  An examination of Plaintiff, GONSALVES, pursuant to GML Section 50-h was conducted on June 9, 2014.

## AS AND FOR COURNT ONE

## <u>42 U.S.C. § 1983 – FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS</u>

108.     The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 107 of this Complaint with the same force and effect as though fully set forth herein.

109.     Plaintiffs allege numerous constitutional violations under Section 1983, which include, but is not limited to: fabrication of evidence, falsification of documents and arrest paperwork, falsification of official records, withholding of evidence, failure to follow proper policies and protocols, failure to intervene, conspiracy as it relates to the above and conspiracy as it relates to the false arrest, false imprisonment, excessive use of force, and abuse of process, all of which support Plaintiffs' claims for constitutional violations.

110.     Plaintiffs allege that Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 fabricated evidence as it relates to the incident involving Plaintiffs on August 3, 2013, which constituted violations of the plaintiffs' constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiffs allege that this conduct was intentional and malicious.

111.     Plaintiffs allege that Defendants, CITY, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 failure to follow proper policies and protocols as it relates to the incident involving Plaintiffs on August 3, 2013, which constituted violations of Plaintiffs' constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

112.     Plaintiffs allege that Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 failed to intervene as it relates to the incident

involving Plaintiffs on August 3, 2013, which constituted violations of Plaintiffs' constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

113.     Plaintiffs allege that Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 conspired as to the  fabrication of evidence, falsification of documents and arrest paperwork, falsification of official records, failure to follow proper policies and protocols, failure to intervene, false arrest and use of excessive force, as it relates to the incident involving Plaintiffs on August 3, 2013, which constituted violations of Plaintiffs' constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

114.     On or about August 3, 2013, Plaintiffs, RIZK and GONSALVES, were falsely arrested, falsely seized and falsely detained, deprived of their freedom, unlawfully imprisoned and subjected to the use of excessive force by Defendants, CITY, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 in violation of their civil and constitutional rights afforded to them via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983.  All acts by the Defendants were committed under color of law; thus, depriving Plaintiffs of rights secured by federal law and the United States Constitution.

115.     On or about August 3, 2013, Defendants, CITY, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

18

116.     Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants, CITY, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10.  Defendants MEHIRDEL and LEE actively instigated and encouraged the prosecution of the Plaintiffs.

117.     Plaintiffs were aware of their confinement and Plaintiffs did not consent to being confined.

118.     Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiffs, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

119.     As part of the false arrest, detention and accusations, Defendants caused the Plaintiffs to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of their liberty, without probable cause.  Furthermore, as a direct result of said actions, the Plaintiffs were unjustly exposed to disgrace, public humiliation, injury and embarrassment.

120.     The Defendants individually and collectively knew at the time of Plaintiffs' arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiffs were false, inconsistent with and insufficient to establish their guilt with respect to any of the crimes charged.

121.     In arresting, detaining and interrogating Plaintiffs, each of the Defendants knew or should have known that they were violating federal law and the Plaintiffs' constitutional rights set forth herein and had failed to prevent the same; and therefore, acted in concert to harm the Plaintiffs.

122.     The use of excessive force by the individually named defendants, MEHIRDEL and LEE, in pushing, tackling, and striking plaintiffs was objectively unreasonable physical

seizures of plaintiffs in violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

123.    Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiffs of their right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment, and freedom from having excessive force used against them; all rights that are secured to Plaintiffs by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiffs suffered great physical harm, mental anguish and violation of rights from then until now and Plaintiffs will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants. Plaintiffs were forced to incur great expense and special damages to date for defending the false criminal charges, attorney's fees, investigation expenses, and other expenses; which have been a serious burden to Plaintiff.

124.    That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COURNT TWO

## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

125.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 124 of this Complaint with the same force and effect as though set forth herein.

126.     Prior to August 3, 2013, and since, Defendant, CITY, has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses, arrests and excessive use of force by police officers against persons by police officers.  Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the harassments were justified and proper.  As a result, Defendants, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, were caused and encouraged to believe that individuals could be falsely arrested, imprisoned and prosecuted, and could be subjected to the use of excessive force under circumstances requiring the use of fabricated and falsified evidence, false affidavits and false testimony, false and intentionally misleading reports, ignoring and misapplying the rules and regulations, and that such behavior would, in fact, be permitted by CITY.

127.     In addition to permitting a pattern of practice of improper treatment of persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unjustified arrests and excessive use of force by its agents/employees.

128.     The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

129.     A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the false arrests, excessive use of force and other wrongful actions by police officers.

130.     Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

    a.     Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

    b.     Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

    c.     Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

    d.     Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

    e.     Create and manufactured false testimony and evidence;

    f.     Overlooking false and misleading statements made by Police Personnel.

131.     The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against arrestees and other persons. These such failure continued and were part of an ongoing culture.

132.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant, CITY, Plaintiffs was unjustifiably mistreated, illegally arrested, wrongfully detained and subjected to the use of excessive force, in violation of their civil and constitutional rights. Plaintiffs have suffered and will continue to suffer from humiliation, fear, defamation of character and injury to their reputations, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical damage. More specifically, Plaintiff, RIZK, has suffered and continues to suffer from emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which she incurred. All of these rights are secured to Plaintiffs by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

133.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action and attorneys fees, pursuant 42 U.S.C. §1988.

## AS AND FOR COUNT THREE

### 42 U.S.C. § 1985 – CONSPIRACY

134.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 133 of this Complaint with the same force and effect as though set forth herein.

135.     DEFENDANT OFFICERS' accusations and allegations against plaintiffs were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiffs injury and to harass Plaintiffs.

136.     Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 expressly and impliedly, agreed with each other to bring about Plaintiffs' seizure, arrest, detention, false accusations and use of excessive force against Plaintiffs, all without lawful or proper basis or justification.   All without consideration of Plaintiffs' rights and in violation of all of Plaintiffs' rights.

137.     That the false arrest, false imprisonment, excessive force, and violation of the laws of the State of New York and Plaintiffs' civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiffs damage.   All of these rights are secured to Plaintiffs by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

138.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR

### 42 U.S.C. § 1986 – FAILURE TO INTERVENE

139.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 138 of this Complaint with the same force and effect as though set forth herein.

140.     Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the detainment, false arrest, wrongful imprisonment, and use of excessive force against Plaintiffs violated the Plaintiffs'

rights, guaranteed to them under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

141.     Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the false arrest, wrongful detainment and use of excessive force against Plaintiffs, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiffs when such violations did in fact occur, all without lawful or proper basis or justification. All without consideration of Plaintiffs' rights and in violation of all of Plaintiffs' rights.

142.     Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, failure to stop these wrongful actions constitute a breach of their duty to do so under 42 U.S.C. § 1986.

143.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

### STATE LAW FRAUDULENT MISREPRESENTATION

144.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 143 of this Complaint with the same force and effect as though set forth herein.

145.     Defendants, MEHIRDEL and LEE's, accusations and allegations against Plaintiffs were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiffs injury and to persecute Plaintiffs.

146.     Defendants, and each of them, expressly and impliedly, acted with each other to bring about Plaintiffs' seizure, false arrest, detention and the use of excessive force against Plaintiffs, all without lawful or proper basis or justification. All without consideration of Plaintiffs' rights and in violation of Plaintiffs' rights as stated herein.

147.     Defendants, MEHIRDEL and LEE, were aware that the representations made to the Court and representations made in sworn documents were representations of fact; where in these defendants stated that on August 3, 2013, Plaintiff, GONSALVES, "shoved [Defendant, MEHIRDEL] on his chest several times in a forceful manner" when he got out of his RMP in front of the premises know as 3005 Steinway Street, Astoria, New York 11103 in Queens County, New York.  And that "when he was attempting to place handcuffs on the [Plaintiff, GONSALVES, Plaintiff, RIZK] grabbed [Defendant, MEHIRDEL] and struck him on his back."

148.     Defendants, MEHIRDEL and LEE, knew said representations were knowingly and maliciously false, and said representations were made with a reckless disregard to their veracity.  These representations made by Defendants induced the trial court and the Queens County District Attorney to rely upon same, and caused Plaintiff's to be prosecuted in the criminal court.

149.     That the false representations, false arrest, false imprisonment, use of excessive force, and violation of the laws of the State of New York and Plaintiffs' civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiffs damages. All of these rights are secured to Plaintiffs by the provisions of the New York State Constitution.

150.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been

damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT SIX

## STATE LAW FALSE ARREST/FALSE IMPRISONMENT

151.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 150 of this Complaint with the same force and effect as though set forth herein.

152.     The Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 lacked any probable cause to stop, hold and detain the plaintiffs in custody for any period of time, no less the prolonged period of custody at the local Police Precinct and Queens County Central Booking.   Without such probable cause, Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, conspired to and wrongfully detained the plaintiffs in a police car, at the police precinct and at Queens County Central Booking.   Plaintiffs were denied their freedom for a period of approximately ten (10) hours.   During said time, Plaintiffs were physically prevented from leaving the custody of police, in that Plaintiff, RIZK, was handcuffed and surrounded by officers at the scene where the incident initiated and later locked in a holding cell at the precinct; while Plaintiff, GONSALVES, was not permitted to leave the scene where the incident initiated, was transported to the precinct and was not permitted to leave the precinct.   Both plaintiffs were held against their will under the supervision and knowledge of the Police; and thereafter, transported to Queens County Central Booking and arraigned.

153.     Plaintiffs were aware of their confinement and Plaintiffs did not consent to being confined.

154.     As a result of said false arrest and false imprisonment, both plaintiffs suffered and continue to damage.  All due to the callous indifference of said Defendants in falsely arresting and imprisoning Plaintiffs and requiring Plaintiffs to face false charges.  Moreover, Plaintiff, RIZK, has suffered and continues to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the defendants' wrongful and illegal acts.

155.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees, and punitive damages.

## AS AND FOR COUNT SEVEN

## STATE LAW NEGLIGENCE

156.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 155 of this Complaint with the same force and effect as though set forth herein.

157.     The defendants, CITY, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, had a duty under 42 U.S.C. § 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, use of excessive force and false charging, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants and to prevent other wrongful acts that were committed against Plaintiffs.

158.     In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, all of the Defendants acted unreasonably, recklessly, and negligently in failing to

exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiffs against illegal search and seizure, false arrest, false imprisonment, use of excessive force, and other due process violations. Said rights are guaranteed to the plaintiffs by 42 U.S.C. § 1983, by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution and by New York State law.

159.    The breach of duty by the Defendants, CITY, NYPD, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, was a direct and proximate cause of the harm suffered by Plaintiffs. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, severe physical damage, as well as severe emotional and psychological damage to Plaintiff, RIZK, resulting in the need to seek professional counseling for the trauma that she incurred.

160.    That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT EIGHT

## ASSAULT

161.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 160 of this Complaint with the same force and effect as though set forth herein.

162.    The individually named Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees,

acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiffs, and that such acts caused apprehension of such contact in the plaintiffs.

163.    The individually named Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by Defendants, CITY and NYPD, which are, therefore, responsible for their conduct.

164.    Defendants, CITY and NYPD, as the employers of Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of respondent superior.

165.    That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT NINE

### BATTERY

166.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 165 of this Complaint with the same force and effect as though set forth herein.

167.    The individually named Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered

Plaintiffs, when they, in a hostile and/or offensive manner illegally and unreasonably pushed, tackled and struck Plaintiffs without the plaintiffs' consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs and caused such battery.

168.    The individually named Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by the CITY and NYPD, which are, therefore, responsible for their conduct.

169.    The CITY and NYPD, as the employers of defendants are responsible for their wrongdoing under the doctrine of respondent superior.

170.    That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT TEN

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AS TO PLAINTIFF, RIZK

171.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 170 of this Complaint with the same force and effect as though set forth herein.

172.    By the actions described herein, the individually named Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of State of New York.

173.     As a result of the foregoing, plaintiff sustained great emotional injuries.

174.     The CITY and NYPD, as the employers of the Defendants, are responsible for their wrongdoing under the doctrine of respondent superior.

175.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT ELEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AS TO PLAINTIFF, RIZK

176.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 175 of this Complaint with the same force and effect as though set forth herein.

177.     The Defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, acted outrageously for their above-stated roles in the wrongful stop, detainment, false arrest, false imprisonment, use of excessive force, intimidation and public humiliation of Plaintiff, RIZK.

178.     Said emotional harm was exacerbated by the fabricated criminal charges against Plaintiff, RIZK, known by MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10 to be without basis, yet prosecuted, and denied Plaintiff, RIZK, of her freedom with the intention of causing extreme further harm and duress to the Plaintiff, RIZK.

179.     The defendants, MEHIRDEL, LEE, ROSENTHAL, HOWLEY and POLICE OFFICER JOHN DOES 1-10, false arrest, use of excessive force, initiation of a baseless charge, falsified affidavits and testimony, with sadistic intent and for the purpose of subjecting Plaintiff

to the prosecution system is utterly intolerable in a civilized society.

180.     The defendants knew that their conduct, along with the use of excessive force, and the threat of imprisonment would cause severe and extreme emotional harm to Plaintiff.

181.     Said harm did in fact occur in this case, in that the Plaintiff was debilitated to the point where she still suffers from episodes of anxiety, anger, loss of sleep, and other factors; to the extent that the Plaintiff is in need of counseling by a psychiatrist or similar health care provider.

182.     That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and have each been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## JURY DEMAND

183.     Plaintiffs hereby demand trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiffs, JACQUELINE RIZK and SAMIR GONSALVES, shall each recover compensatory damage in the sum of Ten Million Dollars ($10,000,000.00) against the individual defendants, The City of New York and The New York City Police Department, Jointly and severally, together with interest and costs; and punitive damages in the sum of Ten Million Dollars ($10,000,000.00) against the individual defendants, jointly and severally.

a.   That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

b. That the plaintiffs have such other and further relief as the Court shall deem just and

proper.

Dated: Forest Hills, New York
October 30, 2014

Respectfully submitted,

**RENFROE DRISCOLL & FOSTER, LLP**

By: _Patrick K. Foster_
**Patrick K. Foster, Esq.**
*Attorneys for Plaintiffs*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168

34