UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACQUELINE RIZK and SAMIR GONSALVES,

                                      Plaintiffs,               Docket No.:
                                                                 14-cv-06434 (RRM) (RER)

           -against-

CITY OF NEW YORK, NEW YORK CITY POLICE       JOINT PRETRIAL ORDER
DEPARTMENT, POLICE OFFICER FIRADAUS
MEHIRDEL, TAX REG # 950309, POLICE OFFICER
DANNY LEE, TAX REG # 950736, SERGEANT JOEL
ROSENTHAL, TAX REG # 946197, LIEUTENANT
GEORGE HOWLEY, TAX REG # 904177,

                                   Defendants.
------------------------------------------------------------------------X

1. **CAPTION:**

   The full caption of the action is indicated above.

**2. ATTORNEYS:**

| Plaintiffs' Attorneys:* | Defendants' Attorney*: |
|---|---|
| Patrick K. Foster, Esq. | Melanie Speight |
| **RENFROE DRISCOLL & FOSTER, LLP** | **ZACHARY W. CARTER** |
| 118-35 Queens Blvd., Suite 940 | Corporation Counsel of the City of New York |
| Forest Hills, New York 11375 | 100 Church Street |
| Tel. No.: (718) 261-5100 | New York, New York 10007 |
| Fax No.: (718) 304-1168 | Tel. No.: (212) 356-2425 |
| Email: pfoster@renfroedriscoll.com | Fax. No.: (212) 356-3509 |
| | Email: mspeight@law.nyc.gov |

*Plaintiffs will designate co-counsel if this case proceeds to trial.

*Defendants will designate co-counsel if this case proceeds to trial.

3. **SUBJECT MATTER JURISDICTION**:

   This Court has original jurisdiction under 28 U.S.C. § 1331, and more specifically under

1343 (3 and 4). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for state

and common law claims. This is a 42 U.S.C. § 1983 action, with corresponding state law claims. This action involves among other things, alleged excessive force by the New York City Police Department. Defendants do not dispute the Court's jurisdiction.

4. **CLAIMS AND DEFENSES TO BE TRIED**:

   **Plaintiffs' brief summary of claims:**

   a. Violations of the plaintiffs' rights pursuant to 42 U.S.C. § 1983 and the Fourth Amendment by the use of excessive and unreasonable force.

   b. Violations of the plaintiffs' rights pursuant to 42 U.S.C. § 1983 and the Fourth Amendment by Defendant, City of New York (i.e., Monell Claim).

   c. Common Law Battery.

   d. Common Law Assault.

   e. 42 U.S.C. § 1983, via False Arrest.

   f. Common Law False Arrest.

   g. 42 U.S.C. § 1985, via conspiracy to violate Plaintiffs' civil rights.

   h. 42 U.S.C. § 1986, via failure to intervene to prevent the unlawful actions that were being perpetrated against Plaintiffs.

   i. State law fraudulent misrepresentation against, Defendants, Mehirdel and Lee.

   j. State law negligence against all defendants.

   k. State law intentional infliction of emotional distress against Defendants, Mehirdel, Lee, Rosenthal and Howley.

   **Defendants' asserted defenses**:

   **Defendants respectfully note that they intend to move for summary judgment on behalf of all defendants with respect to all of plaintiffs' alleged claims. Defendants' request**

**for a pre-motion conference was filed on March 10, 2017, and is currently pending.[1]**

    a. The Complaint fails to state a claim upon which relief can be granted.

    b. Defendants have not violated any rights, privileges or immunities under the constitution or laws of the United States or the State of New York or any political subdivision thereof.

    c. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

    d. There was probable cause for plaintiffs' arrests, detention and/or prosecutions.

    e. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the proximate result of any act of the defendants.

    f. Plaintiffs provoked any incident.

    g. Punitive damages may not be assessed against defendant City of New York.

    h. The individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

    i. At all times relevant to the acts alleged in the complaint, the individually named defendants acted reasonably in the proper and lawful exercise of their discretion.

    j. The New York City Police Department is not a suable entity.

---

[1] In the event that any claims survive defendants' anticipated motion, the parties respectfully request permission to submit an Amended Joint Pretrial Order.

k. Plaintiffs cannot establish each individual defendant's personal involvement in the alleged violations of their constitutional rights.

l. Plaintiffs have failed to mitigate their alleged damages.

m. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop, arrest, or search.

n. Plaintiffs may have failed to fulfill the conditions precedent to suit.

o. To the extent plaintiffs assert employment related actions, defendants acted in conformity with all applicable laws, rules, and regulations, and any actions that may have been taken were undertaken for legitimate, non-discriminatory, business reasons.

p. Plaintiffs' employment related claims are premature.

q. Plaintiffs' employment related claims for damages should not be advanced in this action as plaintiffs have not availed themselves of other appropriate state and federal remedies.

5. **DAMAGES:**

*Plaintiffs' Statement and Legal Authority:*

Plaintiff's damages include loss of false arrest, false imprisonment, the use of excessive force by defendant, police officers, physical and emotional pain and suffering, and punitive damages. The plaintiffs have also suffer loss of income, loss of employment benefits and loss of career opportunities. Damages are left to the determination of the trier of fact.

   a. Plaintiff, Jacqueline Rizk, suffered physical injuries, as a result of the assault and battery, and use of excessive force by Defendant, P.O. Firadaus Mehirdel. More specifically, Ms. Rizk was caused to sustain a cut on her left hand, three (3)

bruises to her left arm that remained for weeks, bruising to the bottom of her foot, scrapes, bleeding and swelling on her knee and cuts to her foot. Ms. Rizk also experienced pain throughout her body system for an extended period of time. And she has a permanent scar on her left knee; which causes her shame and embarrassment and serves as a reminder of the events of August 3, 2013. Ms. Rizk also suffers from post-traumatic stress disorder.

b. As a result of being falsely arrested, Ms. Rizk suffered the loss of her liberty for at least twelve (12) hours. She was also compelled to be out of work for approximately three (3) months. She also lost approximately forty (40) days of vacation time. And was forced to change her career track.

c. As a result of being falsely arrested, Plaintiff, Samir Gonsalves, lost his liberty for at least twelve (12) hours. He was suspended for thirty (30) days, and was placed on modified duty until on or about September 29, 2016. Mr. Gonsalves also spent $5,000.00 in legal fees defending the underlying criminal matter.

It is settled that Defendants have the burden of proving that the warrantless arrest of plaintiffs was based upon probable cause. In this regard, Defendants must show that Officers were (1) acting in good faith; and (2) had reasonable cause to believe that Plaintiffs committed a crime. *Jenkins v. City of New York*, 478 F. 3d 76, 88 (2d Cir. 2007). Further, this Circuit has held that even minor injuries, including scrapes and bruises, can support an excessive-force claim." *Richardson v. Providence,* No. 09–CV–4647, 2011 WL 3701887, at *7 n. 3 (E.D.N.Y. Aug. 22, 2011) (citing *Maxwell v. City of New York,* 380 F.3d 106, 109–10 (2d Cir.2004). Courts have also consistently held that and award for economic damages based upon lost wages and lost career opportunities is proper. *See generally Moore v. Houlihan's Restaurant, Inc. et al.*,

No. 07–CV–03129, 2011 WL 2470023 (E.D.N.Y. May 10, 2011); *Orshan v. Macchiarola*, 570 F. Supp. 620, 623-624 (E.D.N.Y. 1983).

The level of damages is anticipated to be in line with cases in this Circuit that went to verdict. The damages mentioned here are consistent with other awards in this Circuit given the distressing and sever actions of the Defendants in this case. See below case comparisons:

a. *Greenaway v. County of Nassau*, No. 11-CV-02024, 2017 WL 3075058 (E.D.N.Y. May 22, 2017) (False Arrest, Excessive Force, Assault & Battery, False Imprisonment, Infliction of Emotional Distress); Verdict: $8,300,000;

b. *McLaughlin v. New York*, No. 18873/89, 2000 WL 35896965 (Sup. Ct. NY, Bronx County, June 30, 2000) (False Arrest, Excessive Force, Assault & Battery, Negligent Supervision, Negligent Hiring); Verdict: $1,600,000;

c. *Koeiman v. City of New York*, No. 023549/93, 2004 WL 60005667 (Sup. Ct. NY, Bronx County, October 29, 2004) (False Arrest, Excessive Force, Assault & Battery, Negligent Supervision, Negligent Hiring, Intentional Infliction of Emotional Distress); Verdict: $1,500,000;

d. *Stephanie Adams v. The City of New York*, No. 113646/06, 2012 WL 7808085 (Sup. Ct. NY, New York County, March 2, 2012) (Excessive Force); Verdict: $1,218,000;

e. *Kellsy v. Town of Fairfield, et al.*, 1988 WL 1615800 (/D. Conn. September 21, 1988) (False Arrest, Excessive Force, Infliction of Emotional Distress); Verdict: $620,000;

    f. *Martire v. The City of New York*, No. 106827/08, 2011 WL 7054293 (Sup. Ct. NY, New York County, May 13, 2011) (False Arrest, Excessive Force, Assault & Battery, Negligent Supervision, Negligent Hiring); Verdict: $250,000.

6. **JURY TRIAL:**

The case will be tried to a jury.  The parties anticipate that three to four trial days will be required.

7. **MAGISTRATE JUDGE:**

The parties do not consent to trial by a Magistrate Judge.

8. **STIPULATIONS:**

None**.**

9. **WITNESSES:**

Plaintiffs' Expert Witnesses:

    a. Walter Signorelli, Esq. – Plaintiffs' liability expert, 2020 Maple Hill Street, Yorktown Heights, NY.

    *Defendants object to Mr. Signorelli pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2). Defendants respectfully note that, pursuant to the Court's Scheduling Order dated May 5, 2016, the parties have been granted leave to defer expert depositions until after a decision on defendants' motion for summary judgment is rendered.  By the same Order, the Court endorsed defendants' right to move to preclude any proposed experts prior to trial. Defendants respectfully advise the Court that, to the extent any claims survive defendants' motion for summary judgment and plaintiffs still intend to rely upon this expert, defendants will move to preclude his testimony.*

b. Plaintiffs also intend on providing testimony from treating medical professionals mentioned under "Plaintiffs' Fact Witnesses," which testimony may otherwise be considered expert witness testimony.

*Defendants reserve the right to object to the scope of testimony of any medical witness identified as a fact witness in accordance with Fed. R. Evid. 701.*

Plaintiffs' Fact Witnesses:

c. Oscar Korte, PhD, LCSW, LP, CEAP – Plaintiff, Jacqueline Rizk, treating psychoanalyst/clinical social worker, 72-10 112 Street, Forest Hills, NY.

d. Jacqueline Rizk (Plaintiff) c/o her attorneys – 118-35 Queens Blvd., Ste. 940, Forest Hills, NY 11375.

e. Samir Gonsalves (Plaintiff) c/o his attorneys – 118-35 Queens Blvd., Ste. 940, Forest Hills, NY 11375.

f. Det. R.S., One Police Plaza, New York, NY 10038.

g. P.O. Firadaus Mehirdel c/o his attorneys – Corporation Counsel of the City of New York.

h. P.O. Danny Lee c/o his attorneys – Corporation Counsel of the City of New York.

i. Sgt. Joel Rosenthal c/o his attorneys – Corporation Counsel of the City of New York.

j. Lt. George Howley c/o his attorneys – Corporation Counsel of the City of New York.

*\* Plaintiffs reserve their right to call any witnesses listed by Defendants.*

Defendants' Witnesses with Plaintiffs' Objections,[2]

| | | |
|---|---|---|
| 1. | P.O. Firadaus Mehirdel | P.O. Mehirdel will testify about the facts and circumstances surrounding plaintiffs' arrests on August 3, 2013. |
| 2. | P.O. Danny Lee | P.O. Lee will testify about the facts and circumstances surrounding plaintiffs' arrests on August 3, 2013. |
| 3. | Sgt. Joel Rosenthal | Sgt. Rosenthal will testify about the facts and circumstances surrounding plaintiffs' arrests on August 3, 2013. |
| 4. | Retired Lt. George Howley | Retired Lt. Howley will attest to his lack of personal involvement in plaintiffs' arrests and prosecution. |
| 5. | Detective R.S., One Police Plaza, New York, NY 10038 | Detective R.S. will testify about the circumstances preceding plaintiffs' arrests on August 3, 2013. |

\* Defendants reserve their right to call any witnesses listed by plaintiffs.

10. **DEPOSITION TESTIMONY:**

None. All witnesses listed above are expected to testify in person at trial and, accordingly, the parties have not designated any deposition testimony to be offered at trial in lieu of live testimony. The parties reserve the right to use a deposition of a testifying witness for substantive or impeachment purposes, as authorized by Rule 32 of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

11. **EXHIBITS:**

Plaintiffs' Exhibits With Defendants' Objections:

1. Photographs of Plaintiff, Jacqueline Rizk's, injuries

    *Defendants object pursuant to Fed. R. Evid 402, 403, and 901.*

---

[2] Plaintiffs object to all witnesses not named in Defendants' Rule 26 Statement. Plaintiffs also reserve all objections under the FRE.

2. Video of Incident

   *No objections, with the exception of reserving the right to request any appropriate redactions.*

3. Oscar Korte, Phd.'s report regarding Plaintiff, Jacqueline Rizk's, emotional distress, dated February 3, 2015

   *Defendants object pursuant to Fed. R. Evid 402, 403, and 802.*

4. Oscar Korte, Phd.'s supplemental report regarding Plaintiff, Jacqueline Rizk's, emotional distress, dated July 27, 2016

   *Defendants object pursuant to Fed. R. Evid 402, 403, and 802.*

5. Internal Affairs Report (or portions thereof)

   *Defendants object to pursuant to Fed. R. Evid. 402, 403, 802, and 805.*

6. Internal Affairs Audio Tapes # 1-4, recorded on August 3, 2013, produced by Defendants.

   *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802. However, defendants do not object to the extent that the audio recordings of a testifying witness are offered as impeachment evidence.*

7. Internal Affairs PG 206-13 Audio Tapes # 1-11 produced by Defendants

   *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802. However, defendants do not object to the extent that the audio recordings of a testifying witness are offered as impeachment evidence.*

8. Rule 33 and 34 Requests and Responses

   *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

9. Defendant, P.O. Firadaus Mehirdel's, Memo Book entry regarding the subject incident.

   *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

10. Defendant, P.O. Danny Lee's, Memo Book entry regarding the subject incident.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

11. NYPD Omniforms System entry regarding the subject incident (or portions thereof).

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

12. Criminal Complaint against, Plaintiff, Jacqueline Rizk.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

13. Criminal Complaint against, Plaintiff, Samir Gonsalves.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

14. New York City Police Department Activity Log, dated August 3, 2013.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802. Defendants interpret this exhibit to the Command Log.*

15. Policies, procedures and/or training manuals of the New York City Police Department dealing with force and/or probable cause to arrest.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802. Defendants further object on the grounds that this exhibit does not sufficiently identify the materials that plaintiffs seek to introduce, and reserve the right to object on the grounds of failure to disclose in accordance with Fed. R. Civ. P. 26.*

16. SPRINT report regarding the subject incident.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

17. Personnel records for Defendant, Firadaus Mehirdel (or portions thereof).

*Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

18. Personnel records for Defendant, Danny Lee (or portions thereof).

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802.*

19. Any and all documents supplied by Defendants in this matter, whether or not supplied in response to Plaintiffs' demands for the production of documents.

    *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802. Defendants further object on the grounds that this exhibit does not sufficiently identify the materials that plaintiffs seek to introduce, and reserve the right to object on the grounds of failure to disclose in accordance with Fed. R. Civ. P. 26.*

Defendants' Exhibits[3],[4]:

| Exhibit | Description | Objections, if any |
| --- | --- | --- |
| A | Video Footage of Plaintiffs' Arrest (also offered as Plaintiffs' Exhibit 2) | No objections, with the exception of reserving the right to request any appropriate redactions, and FRE 403. |
| B | Plaintiffs' Complaint, dated October 31, 2014 (for impeachment purposes) | |
| C | Plaintiff Gonsalves' Notice of Claim (for impeachment purposes) | FRE 403 |
| D | Plaintiff Rizk's Notice of Claim (for impeachment purposes) | FRE 403 |
| E | Plaintiffs' Discovery Responses and Objections (for impeachment purposes) | FRE Rules 402, 403, 801 and 802 |
| F | Transcript of Plaintiff Gonsalves' 50-h Hearing (for impeachment purposes) | |
| G | Transcript of Plaintiff Rizk's 50-h Hearing (for impeachment | |

---

[3] Defendants reserve the right to use and/or introduce all exhibits listed by plaintiffs.

[4] Plaintiffs object to all documents not named in Defendants' Rule 26 Statement. Plaintiffs also reserve all objections under the FRE.

- 12 -

|   |   |   |
|---|---|---|
|   | purposes) |   |
| H | Detective R.S.'s recorded testimony to NYPD Investigations regarding the events of August 3, 2013 (for impeachment purposes) | FRE Rules 402,403, 801 and 802 |
| G | Plaintiff Gonsalves' recorded testimony to NYPD Investigations regarding the events of August 3, 2013 (for impeachment purposes) | FRE Rules 402,403, 801 and 802 |
| H | Plaintiff Rizk's recorded testimony to NYPD Investigations regarding the events of August 3, 2013 (for impeachment purposes) | FRE Rules 402,403, 801 and 802 |
| I | Transcript of the Deposition of plaintiff Rizk dated April 12, 2016 (for impeachment purposes) |   |
| J | Transcript of the Deposition of plaintiff Gonsalves, dated April 20, 2016 and continued on March 1, 2017 (for impeachment purposes) |   |
| K | Plaintiff Rizk's Queens County District Attorney's Office Employment Files, DEF 312 - 464 | FRE 403 and Protected by HIPAA |
| L | Plaintiff Gonsalves' NYPD Employment Files, including investigative files pertaining to this incident bearing bates stamp Nos. CONFIDENTIAL DEF 573-839 | FRE 403, N.Y. Civ. Rights Law § 50-a, and Protected by HIPAA |
| M | Documents and recorded material regarding plaintiff Gonsalves' disciplinary hearing and termination from the New York City Police Department (These documents have not yet been produced to defendants. Upon receipt the materials will be promptly produced to plaintiffs' counsel.) | FRE 403, N.Y. Civ. Rights Law § 50-a |

Dated: Forest Hills, New York

      September 15, 2017

| | |
|---|---|
| _____/S/_____ | \_/s/_____ |
| Patrick K. Foster | Melanie Speight |
| **RENFROE DRISCOLL & FOSTER, LLP** | **ZACHARY W. CARTER** |
| *Attorneys for Plaintiffs* | Corporation Counsel of the City of New York |
| 118-35 Queens Blvd., Suite 940 | *Attorneys for Defendants* |
| Forest Hills, New York 11375 | 100 Church Street |
| Tel. No.: (718) 261-5100 | New York, New York 10007 |
| Fax No.: (718) 304-1168 | Tel. No.: (212) 356-2425 |
| Email: pfoster@renfroedriscoll.com | Fax. No.: (212) 356-3509 |
| | Email: mspeight@law.nyc.gov |