UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JACQUELINE RIZK and SAMIR
GONSALVES,

                Plaintiffs,                             **MEMORANDUM & ORDER**

       - against -                                         14-CV-6434 (PKC) (RER)

CITY OF NEW YORK, et al.,

                Defendants.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Defendants City of New York, New York City Police Department ("NYPD"), Officer Firadaus Mehirdel, Officer Danny Lee, Sergeant Joel Rosenthal, and Lieutenant George Howley (collectively, "Defendants") move *in limine* to exclude the testimony of Plaintiffs Jacqueline Rizk and Samir Gonsalves's proposed expert, Walter Signorelli, under Federal Rule of Evidence 702.[1] Alternatively, Defendants ask the Court to limit Signorelli's testimony. Plaintiffs oppose Defendants' motion. For the reasons below, Signorelli is permitted to testify, but with certain restrictions.

**BACKGROUND**

On October 31, 2014, Plaintiffs sued Defendants for false arrest, excessive force, failure to intervene, and denial of fair trial, pursuant to 42 U.S.C. § 1983, and for state law violations, stemming from Plaintiffs' arrests on August 3, 2013. (*See generally* Dkt. 1.) Trial in the case is scheduled to begin with jury selection on June 21, 2022. (*See* 1/24/2022 Trial Scheduling Order.) On November 23, 2020, Defendants moved under Rule 702 to exclude testimony of Plaintiffs'

---

[1] Although styled as a generic motion *in limine*, it is in fact a *Daubert* motion. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

1

proffered police practices expert, Walter Signorelli.[2] (*See* Dkt. 104.) Plaintiffs filed an opposition (*see* Dkt. 107), and Defendants filed a reply (*see* Dkt. 108).

## LEGAL STANDARD

"When parties seek to introduce expert testimony in accordance with Rule 702 of the Federal Rules of Evidence, the trial judge has 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *United States v. Willis*, 14 F.4th 170, 185 (2d Cir. 2021) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).[3] The judge must consider whether (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) "the testimony is the product of reliable principles and methods;" and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "In addition to these factors, the district court may consider those enumerated in *Daubert*, 'some or all of which might prove helpful in determining the reliability of a particular scientific theory or technique.'" *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 233 (2d Cir. 2021) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999)). "These factors are: (1) whether the methodology or theory has been or can be tested; (2) whether the methodology or theory has been subjected to peer review and publication; (3) the methodology's error rate; and (4) whether the methodology or technique has gained general acceptance in the relevant scientific community." *Id.* (quoting *Daubert*, 509 U.S.

---

[2] Although the parties will have the opportunity to file other *in limine* motions closer to trial (*see* 1/24/2022 Trial Scheduling Order), the Court resolves the instant motion now because, as a *Daubert* motion, it will likely affect trial preparation, as well the parties' other *in limine* motions.

[3] Unless otherwise noted, all legal citations in this Memorandum and Order omit any internal quotation marks, citations, brackets, and ellipses.

at 593–94). "Expert testimony that usurps the role of the factfinder or that serves principally to advance legal arguments should be excluded." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 20 (2d Cir. 2021). "The proponent of expert testimony carries the burden of establishing its admissibility by a preponderance of the evidence . . . ." *Id.*

## DISCUSSION

Plaintiffs offer Signorelli's testimony on, among other things, police practices and procedures. (*See* Dkt. 97-2, at 4.) Defendants ask the Court to preclude Signorelli from testifying or to limit the scope of his testimony. (*See* Dkt. 108, at 4.)

District courts in this Circuit have considered Signorelli's proposed testimony before. In *Vazquez v. City of New York*, No. 10-CV-6277 (JMF), 2014 WL 4388497, at *12 (S.D.N.Y. Sept. 5, 2014), a malicious prosecution, due process, and fair trial case, the court allowed Signorelli to testify as an expert on police standards, and found his methods sufficiently reliable. It concluded that "although Signorelli's opinions may not rest on statistical studies or traditional scientific methods, they are, nevertheless, based on data—including personal experience, interviews, review of police manuals and other primary sources, and review of academic literature—of a type reasonably relied upon by experts in various disciplines of social science." *Id.* The court determined that Signorelli's testimony would aid the trier of fact, because "[p]olice training, policies, and procedures—the subjects of Signorelli's testimony—are clearly complex areas outside common experience." *Id.* at *13. To the extent Signorelli's report "touch[ed] on [impermissible] subjects" such as the "credibility of other witnesses" or "ultimate legal conclusions," the court noted that it could "address those defects at trial by ruling on objections to particular questions and testimony." *Id.*

In *Stern v. Shammas*, No. 12-CV-5210 (NGG) (RER), 2015 WL 4530473, at *2 (E.D.N.Y. July 27, 2015), an excessive force and false arrest case, the plaintiff "argue[d] that [Signorelli's

3

testimony would] help the jury to understand how Defendants violated police procedures, which [would] in turn inform the jury's analysis of the ultimate issues—whether Defendants had probable cause to arrest Plaintiff, and whether they used excessive force." "Defendants counter[ed] that Mr. Signorelli's opinions [would] invade the fact-finding province of the jury; Mr. Signorelli failed to use a reliable methodology to reach his conclusions; and, in any event, Mr. Signorelli's testimony [was] irrelevant, prejudicial to Defendants, and likely to confuse the jury." *Id.*

The court granted the motion to exclude in part and denied it in part. *Id.* at *3. First, it "reject[ed] Defendants' argument that Mr. Signorelli's opinions lack[ed] a reliable methodology, and that he fail[ed] to support his conclusions with a traceable analysis." *Id.* It explained "that an expert's opinions may be properly based on personal experience rather than traditional scientific methods," and that "[i]f Defendants view[ed] Mr. Signorelli's qualifications or methodology as weak, they [could] question him on these issues during cross-examination." *Id.* Second, the court precluded Signorelli from testifying about (1) legal conclusions ("includ[ing] any opinions that the force used by Defendants was 'unreasonable' or that Defendants lacked probable cause"); (2) credibility determinations; and (3) motives, intent, or state of mind. *Id.* at *3–4. And although "Signorelli [could] offer his opinions regarding generally accepted police standards and whether Defendants deviated from such standards," he was required to "explain that his opinions assume[d] certain facts to be true." *Id.* at *5. Finally, "the court determine[d] that the narrow set of opinions discussed [were] likely to aid the jury, and their probative value [was] not substantially outweighed by any potential unfair prejudice to Defendants, particularly in tandem with an appropriate limiting instruction." *Id.*[4]

---

[4] In their Reply (Dkt. 108, at 2–3), Defendants cite *Antic v. City of New York*, No. 16-CV-2425 (JMF), 2017 WL 3491967, at *2 (S.D.N.Y. Aug. 14, 2017), in which the court explained in

4

In accordance with Rule 702, and in light of the district court decisions considering Signorelli's proposed testimony, the Court concludes as follows: First, Signorelli may testify, assuming his qualifications are established at trial. Like the courts in *Vazquez* and *Stern*, this Court finds that, "although Signorelli's opinions may not rest on statistical studies or traditional scientific methods, they are, nevertheless, based on data—including personal experience, interviews, review of police manuals and other primary sources, and review of academic literature—of a type reasonably relied upon by experts in various disciplines of social science." *Vazquez*, 2014 WL 4388497, at *12. The Court similarly agrees with these courts that "[p]olice training, policies, and procedures—the subjects of Signorelli's testimony—are clearly complex areas outside common experience." *Id.* at *13. Thus, here too, the Court will permit Signorelli to "offer his opinions regarding generally accepted police standards." *Stern*, 2015 WL 4530473, at *5. However, as in those cases, Signorelli may not offer (1) legal conclusions, "includ[ing] any opinions that the force used by Defendants was 'unreasonable' or that Defendants lacked probable cause;" (2) credibility determinations; or (3) opinions about Defendants' motives, intent, or state of mind. *Id*. at *3–4. Third, Signorelli "must explain that his opinions assume certain facts to be true." *Id.* at *5.

Although the Court will address specific objections to Signorelli's testimony at trial, *see Vazquez*, 2014 WL 4388497, at *13, the Court holds, in advance and non-exhaustively, that Signorelli will not be permitted to opine that Defendants "arrest[ed] the plaintiffs without reasonable grounds to do so and by using excessive force to handcuff Detective Gonsalves and

---

a single sentence "that a purported expert such as Signorelli may not offer legal conclusions or advance opinions with respect to officers' compliance with constitutional standards (including whether the officers are entitled to qualified immunity)." *Id*. (collecting cases). As discussed below, the Court will not allow Signorelli to offer "legal conclusions" and "opinions" about whether the defendant-officers "compli[ed] with constitutional standards." *Id.*

ADA Rizk" (Dkt. 97-2, at 4–5). Nor may he testify that Defendants "have not alleged facts that would meet [the probable cause] standard." (Dkt. 97-2, at 5.) He also may not testify as to what the evidence "clearly show[s]." (*Id.* at 5.) That is, although he may testify that certain facts, if found by the jury, would violate police procedures, he may not opine on whether the evidence shows those facts. Thus, in contrast to *Stern*, although Signorelli may testify about what constitutes accepted police standards, he will not be permitted to opine on "whether Defendants deviated from such standards," *Stern*, 2015 WL 4530473, at *5; that will be for the jury to decide.[5]

## CONCLUSION

Defendants' motion to preclude the testimony of Plaintiffs' proposed expert, Walter Signorelli, is granted in part and denied in part. If his expert qualifications are established, Signorelli may testify within the limited scope discussed in this Memorandum and Order. Although Plaintiffs must adhere to these limits at trial, the Court will rule on specific objections if they arise during Signorelli's testimony and will give a limiting instruction if necessary.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 28, 2022
       Brooklyn, New York

---

[5] The Court also notes that the parties may propose limiting instructions closer to trial regarding the jury's consideration of Signorelli's testimony as it relates to certain findings the jury must make, such as "reasonableness" or "probable cause."