UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE RIZK and SAMIR GONSALVES,

    Plaintiffs,

v.

POLICE OFFICER FIRDAUS MEHIRDEL, TAX REG # 950309, and POLICE OFFICER DANNY LEE, TAX REG # 950736,

    Defendants.

**ORDER**
14-CV-06434 (HG)

    Plaintiffs have filed a motion seeking to seal two documents previously filed in this case, ECF Nos. 121 and 128, which contain the treatment notes that Plaintiffs' expert witness, Dr. Korte, took during his treatment of Plaintiff Jacqueline Rizk. *See* ECF No. 145. Plaintiffs also seek to seal any trial evidence containing those treatment notes. *Id*. The Court grants Plaintiffs' motion in part for the reasons explained below.

    To determine whether Dr. Korte's treatment notes may be sealed, the Court must first determine whether they are "judicial documents" "subject to a presumptive right of public access, whether on common law or First Amendment grounds." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017). If the treatment notes are judicial documents, then the Court "must determine the weight of that presumption" of access and "balance competing considerations against it" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

    The parties filed Dr. Korte's treatment notes in connection with Defendants' motion to compel their production, so that Defendants could depose Dr. Korte about them. *See* ECF No. 119. "[T]he presumption of public access in filings submitted in connection with discovery

disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). However, Ms. Rizk's right to privacy with respect to her personal medical information "outweigh[s] the public's qualified right of access" to the treatment notes, despite their status as judicial documents. *Dawson v. Merck & Co., Inc.*, No. 12-cv-1876, 2021 WL 242148, at *11 (E.D.N.Y. Jan. 24, 2021). In fact, "[c]ourts in this Circuit routinely seal medical records . . . to protect the plaintiff's privacy interest in those records." *Toolasprashad v. Toolasprashad*, No. 21-cv-4672, 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021).

Plaintiffs' motion also seeks to keep under seal any of Dr. Korte's records "introduced into evidence at trial." ECF No. 145 at 2. None of Dr. Korte's treatment notes were introduced into evidence. To the extent Plaintiffs are asking the Court to seal any of the trial testimony about Dr. Korte's treatment of Ms. Rizk, the Court denies that request, because such testimony was conducted in open court and may have been relevant to the jury's verdict.

For the reasons explained above, the Court grants in part and denies in part Plaintiffs' motion to seal Dr. Korte's treatment records previously filed as ECF Nos. 121 and 128. The Court shall designate those documents as sealed on the docket.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
       July 22, 2022